B1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**RC Sooner Holdings, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):<br>**27-1187904** | Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**108 West 13th Street**<br>**Wilmington, DE 19801**<br>ZIP CODE **19801-0000** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**New Castle** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**1515 Broadway, 11th Floor**<br>**New York, NY 10036-8901**<br>ZIP CODE **10036-8901** | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [X] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [X] Other

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [X] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [X] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [X] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [X] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information** — THIS SPACE IS FOR COURT USE ONLY
- [X] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

Estimated Debts
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

| Voluntary Petition <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **RC Sooner Holdings, LLC** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: - None - | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: - See Annex A - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ <br> Signature of Attorney for Debtor(s)    Date |

**Exhibit C¹**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

---

¹The Debtor is not aware of what is meant by the phrase 'imminent and identifiable harm' as used in the form. The Debtor does not believe that it owns or possesses property that poses or is alleged to pose a threat of such harm. The Debtor may own property that may be subject to investigation or remediation under environmental laws.

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

__(Name of landlord that obtained judgment)__

__(Address of landlord)__

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l))..

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**RC Sooner Holdings, LLC** |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br>X _____<br>Signature of Debtor<br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>Signature of Foreign Representative<br><br>_____<br>Printed Name of Foreign Representative<br><br>_____<br>Date |
| **Signature of Attorney***<br>X */s/ Christopher S. Chow/*<br>Signature of Attorney for Debtor(s)<br>**Christopher S. Chow, Esquire No. 4172**<br>Printed Name of Attorney for Debtor(s)<br>**Ballard Spahr LLP**<br>Firm Name<br>**919 N. Market Street, 12th Floor**<br>**Wilmington, DE 19801**<br>Address<br><br>**302-252-4465 Fax:302-252-4466**<br>Telephone Number<br>**February 22, 2010**<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | Signature of Non-Attorney Bankruptcy Petition Preparer<br><br>I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)**<br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br>X */s/ Daniel Gordon/*<br>Signature of Authorized Individual<br>**Daniel Gordon**<br>Printed Name of Authorized Individual<br>**President, Allstar Capital, Inc., Sole Member**<br>Title of Authorized Individual<br>**February 22, 2010**<br>Date | Address<br>X _____<br><br>_____<br>Date<br><br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## ANNEX A

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of these petitions, these entities filed an application requesting that the Court administratively consolidate for procedural purposes only and jointly administer their chapter 11 cases.

1. RC Sooner Holdings, LLC
2. RC Brixton Square Owner, LLC
3. RC Cedar Crest Owner, LLC
4. RC Fulton Plaza Owner, LLC
5. RC Magnolia Owner, LLC
6. RC Pomeroy Park Owner, LLC
7. RC Salida Owner, LLC
8. RC Savannah South Owner, LLC
9. RC Southern Hills Owner, LLC
10. Brixton Square Apartments, LLC
11. CC Apartments, LLC
12. Fulton Plaza Apartments, LLC
13. Magnolia Manor Apartments, LLC
14. Pomeroy Park Apartments, LLC
15. Salida Apartments, LLC
16. Savannah South Apartments, LLC
17. Southern Hills Villa Apartments, LLC

# United States Bankruptcy Court
## District of Delaware

In re: **RC Sooner Holdings, LLC**
Debtor(s)

Case No. _____
Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Allstar Capital, Inc.<br>1785 E. Sahara Avenue<br>Las Vegas, NV 89169 | | | 100% LLC Interest, Sole Member |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Sole Manager of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **February 22, 2010**

Signature _____
Daniel Gordon
Sole Manager

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## District of Delaware

In re  RC Sooner Holdings, LLC

Debtor(s)

Case No.
Chapter  11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m). The information listed below shall not constitute an admission by, nor is it binding on, the Debtors.

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Admiral Insurance Company<br>1255 Calwell Road<br>Cherry Hill, NJ 08034-3220 | Admiral Insurance Company<br>1255 Calwell Road<br>Cherry Hill, NJ 08034-3220 | | Contingent | Unknown |
| AT&T<br>P.O. Box 105414<br>Atlanta, GA 30301-1054 | AT&T<br>P.O. Box 105414<br>Atlanta, GA 30301-1054 | Utility | | 807.61 |
| City of Owasso<br>P.O. Box 180<br>Owasso, OK 74055 | City of Owasso<br>P.O. Box 180<br>Owasso, OK 74055 | Utility | | 2,283.44 |
| City of Owasso<br>Property Tax Division<br>P.O. Box 180<br>Owasso, OK 74055 | City of Owasso<br>Property Tax Division<br>P.O. Box 180<br>Owasso, OK 74055 | | | Unknown |
| City of Tulsa<br>Utility Services<br>175 E. 2nd Street, Suite 690<br>Tulsa, OK 74103 | City of Tulsa<br>Utility Services<br>175 E. 2nd Street, Suite 690<br>Tulsa, OK 74103 | Utility | | Unknown |
| City of Tulsa<br>Property Tax Division<br>175 E. 2nd Street, Suite 690<br>Tulsa, OK 74103 | City of Tulsa<br>Property Tax Division<br>175 E. 2nd Street, Suite 690<br>Tulsa, OK 74103 | | | Unknown |
| EB Computing<br>19 Piping Rock Drive<br>Ossining, NY 10562 | EB Computing<br>19 Piping Rock Drive<br>Ossining, NY 10562 | Trade Creditor | | 33,325.00 |
| F. Robert LaSaracina CPA, LLC<br>209 West Town Street<br>Norwich, CT 06360 | F. Robert LaSaracina CPA, LLC<br>209 West Town Street<br>Norwich, CT 06360 | Accounting Fees | | 19,404.00 |
| Fannie Mae<br>3900 Wisconsin Avenue, NW<br>Washington, DC 20016 | Fannie Mae<br>3900 Wisconsin Avenue, NW<br>Washington, DC 20016 | Lender | | Unknown |
| JH Choi<br>611 Broadway, Suite 631<br>New York, NY 10012 | JH Choi<br>611 Broadway, Suite 631<br>New York, NY 10012 | Trade Creditor | | 16,200.00 |

B4 (Official Form 4) (12/07) - Cont.
In re   RC Sooner Holdings, LLC                                   Case No. _____
                           Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Lloyds of London c/o Messers Mendes & Mount 750 Seventh Avenue New York, NY 10017 | Lloyds of London c/o Messers Mendes & Mount 750 Seventh Avenue New York, NY 10017 | | Contingent | Unknown |
| Mid-Century Insurance Company P.O. Box 2478 Terminal Annex Los Angeles, CA 90051 | Mid-Century Insurance Company P.O. Box 2478 Terminal Annex Los Angeles, CA 90051 | | Contingent | Unknown |
| Mike Posey c/o Jack G. Zurawik, Esquire Re: Case No. CJ 2008-08257 P.O. Box 35346 Tulsa, OK 74153 | Mike Posey c/o Jack G. Zurawik, Esquire Re: Case No. CJ 2008-08257 P.O. Box 35346 Tulsa, OK 74153 | Tort | Contingent Unliquidated Disputed | Unknown |
| OKES 8332 East 73rd Street Tulsa, OK 74133 | OKES 8332 East 73rd Street Tulsa, OK 74133 | Utility | | Unknown |
| Oklahoma Natural Gas P.O. Box 268826 Oklahoma City, OK 73126 | Oklahoma Natural Gas P.O. Box 268826 Oklahoma City, OK 73126 | Utility | | 3,418.07 |
| RC Realty Management, Inc. 200 Trade Zone Drive Ronkonkoma, NY 11779 | RC Realty Management, Inc. 200 Trade Zone Drive Ronkonkoma, NY 11779 | Management Fees | | 48,394.00 |
| Rosedale Cooley Management, Inc. 1120 Avenue of the Americas 4th Floor New York, NY 10036 | Rosedale Cooley Management, Inc. 1120 Avenue of the Americas 4th Floor New York, NY 10036 | Due Diligence Fees | | 74,553.00 |
| Shai Consulting, N.A. 220 5th Avenue New York, NY 10001 | Shai Consulting, N.A. 220 5th Avenue New York, NY 10001 | Due Diligence Fees | | 70,449.00 |
| Sneed, Lang, Herrold, PC 1700 Williams Tower I Tulsa, OK 74103 | Sneed, Lang, Herrold, PC 1700 Williams Tower I Tulsa, OK 74103 | Legal Fees | | 285.98 |
| Weston Consulting Corp. 17 Weston St. Huntington Station, NY 11746 | Weston Consulting Corp. 17 Weston St. Huntington Station, NY 11746 | Due Diligence Fees | | 52,509.00 |

B4 (Official Form 4) (12/07) - Cont.
In re   RC Sooner Holdings, LLC                                          Case No. _____
                            Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

    I, the President, Allstar Capital, Inc., Sole Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  **February 22, 2010**                      Signature  _____
                                                            Daniel Gordon
                                                            President, Allstar Capital, Inc., Sole Member

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

## CERTIFICATE OF RESOLUTION OF RC SOONER HOLDINGS, LLC

**DANIEL GORDON**, Sole Manager of RC SOONER HOLDINGS, LLC, (the "Company"), and with prior written consent (the "Consent") of the sole member of the Company (the "Member") and its membership interests, does hereby certify that at a meeting of the Company duly called and held on February 21, 2010, the following resolutions were adopted and recorded in the Minute Book of the Company and they have not been modified or rescinded, and are still in full force and effect:

**WHEREAS**, the Sole Manager of the Company, a Delaware Limited Liability Company, has reviewed and considered the financial operating condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long term liabilities of the Company, the market for the Company's products and services, the real estate investment industry and credit market conditions; and

**WHEREAS**, the Sole Manager of the Company has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of title 11 of the United States Code;

**NOW, THEREFORE, BE IT RESOLVED,** that in the judgment of the Sole Manager of the Company, and the Consent of the Member, it is desirable and in the best interest of the Company, its creditors, members and other interested parties, that a voluntary petition (the "Petition") be filed by the Company under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and it is further

**RESOLVED**, that the Company shall be, and it hereby is, directed and authorized to execute and file on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action which it deems reasonable, advisable, expedient, convenient, necessary or proper to obtain such relief; and it is further

**RESOLVED**, that Daniel Gordon and any officer of the Company designated by Daniel Gordon (collectively, the "Designated Persons"), be and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company (i) to execute and verify the Petition as well as all other ancillary documents and to cause the Petition to be filed with the United States Bankruptcy Court for the District of Delaware and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and it is further

**RESOLVED**, that the law firm of Ballard Spahr LLP ("Ballard Spahr") be, and hereby is, authorized and empowered to represent the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 case; and in connection

therewith, the Designated Persons be and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Ballard Spahr; and it is further

**RESOLVED,** that the Designated Persons be, and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and in connection therewith, the Designated Persons be and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

**RESOLVED,** that the Designated Persons be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such Designated Person may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Designated Person performing or executing the same shall approve, and the performance or execution thereof by such Designated Person shall be conclusive evidence of the approval thereof by such Designated Person and by the Company; and it is further

**RESOLVED,** that the Designated Persons be, and each of the acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to adopt resolutions and otherwise exercise the rights and powers of the Company as such Designated Person may deem necessary, appropriate or desirable (i) as a member or manager (however denominated) of the direct and indirect subsidiaries of the Company that are limited liability companies (if any), (ii) as general partner or limited partner of the direct and indirect subsidiaries of the Company that are limited partnerships (if any), and (iii) as a stockholder of the direct and indirect subsidiaries of the Company that are corporations (if any); and that thereupon such resolutions shall be deemed adopted as and for the resolutions of each subsidiary of the Company and it is further

**RESOLVED,** that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

## MANAGER CERTIFICATE

The undersigned, Sole Manager of **RC SOONER HOLDINGS, LLC** (the "Company"), a Delaware Limited Liability Company, hereby certifies as follows:

1.  I am the duly qualified Sole Manager of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify same on behalf of the Company.

2.  Attached hereto is a true and complete copy of the Certificate of Resolution of RC SOONER HOLDINGS, LLC, duly adopted at a properly convened meeting of the Company as of February 21, 2010, in accordance with the LLC Agreement of the Company.

3.  Such resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of the Sole Manager of the Company relating to the matters set forth in the Certificate of Resolution attached hereto.

**IN WITNESS WHEREOF,** I have hereunto set my hand and seal of the Company this 21st day of February 2010.

_____
DANIEL GORDON, Sole Manager