## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RC SOONER HOLDINGS, LLC, et al.,[1] | ) | Case No. 10-10528 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## INTERIM AGREED ORDER (A) AUTHORIZING DEBTORS IN POSSESSION TO USE CASH COLLATERAL, (B) GRANTING REPLACEMENT LIENS TO LENDER, (C) GRANTING ADEQUATE PROTECTION, AND (D) SCHEDULING A FINAL HEARING THEREON

By Motion (the "Motion") filed on February 22, 2010, RC Sooner Holdings, LLC, and all of its debtor affiliates and subsidiaries listed in footnote 1 (collectively, the "Debtors"), moved this Court for the entry of an interim order (the "Interim Order") and final order (the "Final Order") in their chapter 11 cases (the "Cases") (a) authorizing them to use cash collateral ("Cash Collateral") as that term is defined in section 363 of chapter 11 of title 11 of the United States Code (the "Code"), (b) granting additional security interests and liens to Federal National Mortgage Association (the "Lender") pursuant to section 363(e) of the Code, (c) granting adequate protection, and (d) setting a final hearing on the Motion.

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are: RC Soaner Holdings, LLC (7904); RC Brixton Square Owner, LLC (8002); RC Cedar Crest Owner, LLC (7914); RC Fulton Plaza Owner, LLC (8011); RC Magnolia Owner, LLC (7998); RC Pomeroy Park Owner, LLC (7939); RC Salida Owner, LLC (7947); RC Savannah South Owner, LLC (7983); RC Southern Hills Owner, LLC (7958); Brixton Square Apartments, LLC (1844); CC Apartments, LLC (1798); Fulton Plaza Apartments, LLC (4344); Magnolia Manor Apartments, LLC (4486); Pomeroy Park Apartments, LLC (1649); Salida Apartments, LLC (1915); Savannah South Apartments, LLC (8586); and Southern Hills Villa Apartments, LLC (1721). The business address for each of the Debtors where notices should be sent is 1515 Broadway, 11th Floor, New York, New York 10036-8901.

Having reviewed and considered the Motion, and having completed a preliminary hearing on February ___, 2010 and in accordance with section 363 of the Code and Rule 4001 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and based upon the foregoing, the consent of Federal National Mortgage Association ("Fannie Mae") to the entry of this Interim Order and the use of cash collateral in accordance with the Budget during the Interim Period (as hereinafter defined), and other good cause appearing therefor:

THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:

A. <u>Filing of Petition</u>. On February 22, 2010 (the "<u>Petition Date</u>"), the Debtors filed voluntary chapter 11 petitions under the Code. By order of this Court, the Cases are jointly administered for procedural purposes only. Pursuant to sections 1107 and 1108 of the Code, the Debtors are authorized to operate their business as debtors in possession. To date, no official committee of unsecured creditors has been appointed in these cases.

B. <u>Jurisdiction: Core Proceeding</u>. Consideration of the Motion constitutes a "core proceeding" as defined in 28 U.S.C. § 157. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District.

C. <u>The Motion: Notice</u>. Notice of the Motion has been given to (i) the Office of the United States Trustee; (ii) counsel for the Lender; and (iii) each of the Debtors' twenty (20) largest creditors holding unsecured claims as required by Local Rule 9013-1(m)(iii). Such notice is appropriate and adequate under the circumstances set forth herein and presented to this Court, and complies with the provisions of section 363 of the Code and Bankruptcy Rules 2002, 4001 and 9014, and any other applicable law.

2

D. <u>Need for Funding</u>. The Debtors have requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2) and Local Rule 4001-2(b). The interim relief sought in the Motion is necessary and in the best interests of the Debtors' estates in order to prevent immediate and irreparable harm to the Debtors' estates which would otherwise result if the Debtors were prevented from using Cash Collateral on an interim basis in order to maintain their operations, maintain the Debtors' real estate, preserve and maximize the value of the assets of their estates, and provide an opportunity to reorganize the Debtors' affairs.

E. <u>Good Cause</u>. Good and sufficient cause has been shown for the entry of this Interim Order. Among other things, entry of this Interim Order will minimize disruption of the Debtors' business, will preserve and maintain the assets of their estates, including the Debtors' real estate, will increase the possibility of the reorganization of the Debtors, will avoid immediate and irreparable harm to, and is in the best interests of, the Debtors, their creditors and their estates, as well as the Debtors' residential tenants. The terms of the Debtors' proposed use of cash collateral are (i) fair and reasonable; (ii) reflect prudent exercise of business judgment consistent with the Debtors' fiduciary duties; (iii) constitute reasonably equivalent value and fair consideration; and (iv) are essential and appropriate for the continued operation and management of the Debtors' business and the preservation of their assets and properties. Lender reserves, and does not waive, its right to object to any provision of a Final Order.

F. <u>Negotiations.</u> The agreements and arrangements authorized in this Interim Order have been negotiated at arms-length, are fair and equitable under the circumstances, and are enforceable pursuant to their terms. The Lender and the Debtors have been represented by counsel and intend to be and are bound by the terms of this Interim Order; provided, further that Lender reserves all rights it has or may have regarding the filing of the Debtors' bankruptcy cases.

3

DMEAST#12220613v.1

G. <u>Adequate Protection.</u> The adequate protection provided for under this Interim Order is sufficient to protect the Lender from any diminution in the value of its interest in the Cash Collateral, and is fair, reasonable and sufficient to satisfy the requirements of the Bankruptcy Code.

H. <u>Factual Findings/Legal Conclusions.</u> Each of the foregoing findings by the Court will be deemed a finding of fact if and to the full extent that it makes and contains factual findings and a conclusion of law if and to the full extent that it makes and contains legal conclusions.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. <u>Authorization to Use Cash Collateral.</u> The Motion is GRANTED in accordance with the terms of this Interim Order, and the Debtors are hereby AUTHORIZED to use the Cash Collateral on an interim basis to pay expenses incurred by the Debtors in the ordinary course of their business and in the manner set forth in the Budget attached to the Motion beginning on the date on which this Interim Order is entered and continuing through and including the date on which the Final Hearing (as hereinafter defined) is conducted (the "Interim Period"); provided, however, that during the Interim Period, the Debtors will accrue but shall not pay any amounts to Debtors' proposed bankruptcy counsel and payments to the Claims Agent shall be capped at $3,000.00 during the first week and $2,500 during the second week of the Interim Period. Nothing in this Interim Order shall be construed as Lender's consent or this Court's approval of the use of Cash Collateral for Debtors' bankruptcy counsel fees.

2. <u>Variance Allowed.</u> Debtors' total cash disbursements at the end of each month shall not exceed one hundred ten percent (110%) of each Debtors' budgeted cash disbursements as set forth in the Administrative Budget for such period (the "Monthly Budget

4

Cap"); provided, however, that in the event that the Debtors' total cash disbursements for the month immediately prior to the current month were less than the budgeted cash disbursements for such prior month (the "Prior Month Budget Surplus"), the Debtors may exceed the Monthly Budget Cap for the current month by the amount of the Prior Month Budget Surplus.

3. <u>Adequate Protection</u>. As adequate protection for, and to secure against, any diminution in the Lender's collateral resulting from the Debtors' use of Cash Collateral, the Apartment LLCs (as defined in the Motion) hereby grant to the Lender additional and replacement liens in and upon all of their properties which constituted the Lender's Pre-Petition Collateral (as defined in the Motion) to the extent the value of the same is diminished as a result of the Debtors' use of Cash Collateral, which shall be first priority liens with respect to collateral that was not subject to valid and perfected liens as of the Petition Date and shall be junior priority liens with respect to collateral that was subject to valid and perfected liens as of the Petition Date. Notwithstanding anything to the contrary, any lien granted herein shall be deemed valid, perfected, and enforceable to the extent, and only to the extent that any prepetition lien in the Pre-Petition Collateral or the Cash Collateral is found to be valid, perfected, and enforceable, and then only to the extent of the Debtors' use of Cash Collateral.

4. <u>Reporting</u>. The Debtors shall provide to Lender, within twenty (20) days following the end of each prior month, a report summarizing all income received by the Debtors and all expenses paid by the Debtors during the prior month.

5. <u>Order Binding on Successors</u>. The provisions of this Interim Order shall be binding upon and inure to the benefit of the Lender, the Debtors, and their respective successors and assigns (including any trustee or other estate representative appointed as a representative of the Debtors' estates or of any estate in any Successor Case). Except as

5

DMEAST#12220613v.1

otherwise explicitly set forth in this Interim Order, no third parties are intended to be or shall be deemed to be third party beneficiaries of this Interim Order or the Pre-Petition Loan Documents.

6. <u>Subsequent Hearing: Procedure for Objections and Entry of Final Order</u>. The Motion is set for a final hearing before this Court at __9__ a.m. on __March 11__, 2010 (the "Final Hearing"), at which time any party in interest may present any timely filed objections to the entry of the Final Order approving the use of Cash Collateral. The Debtors shall serve a copy of this Interim Order and notice of the Final Hearing as set forth therein, by regular mail, no later than fourteen (14) days prior to the date of the Final Hearing, upon (i) the Lender, (ii) counsel to the Lender, (iii) the District Counsel for the Internal Revenue Service, (iv) all known secured creditors of the Debtors, (iv) all of the Debtors' landlords, (v) the Office of the United States Trustee; and (vi) any other party which theretofore has filed in these Cases a request for special notice with this Court and served such request upon Debtors' counsel. Objections to the entry of the Final Order on the Motion shall be in writing and shall be filed with the United States Bankruptcy Clerk for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, DE 19801, no later than __March 8__, 2010, which objections shall be served so that the same are received on or before 4:30 p.m. EST of such date by (i) Tobey M. Daluz and Christopher S. Chow, Ballard Spahr LLP, 919 N. Market Street, 12th Floor, Wilmington, DE 19801, counsel to Debtors, (ii) counsel to Lender, and (iii) the Office of the United States Trustee, Attn. Patrick Tinker, Esquire, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801. Any objections by creditors or other parties in interest to any of the provisions of this Interim Order may be deemed waived unless filed and served in accordance with this paragraph.

7. <u>Objections Overruled</u>. All objections to the entry of this Interim Order are hereby overruled.

8. <u>Order Effective</u>. This Interim Order shall be effective as of the date of signature by the Court. This Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

9. <u>Final Order</u>. If no timely objections to this Interim Order are filed, this Interim Order shall become a final order without further notice or Order by this Court.

IT IS SO ORDERED.

Dated: February 24, 2010

_____
United States Bankruptcy Judge